# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | | |
|---|---|---|
| DAVID QUINT, and<br>LESLIE PETRE, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | CASE NO. 1:12-cv-156<br>Chief Judge Haynes |
| v. | )<br>) | |
| JRN, Inc., | )<br>) | |
| Defendant. | ) | |

## ORDER

Plaintiffs, David Quint and Leslie Petre, filed this action under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 623, against the defendant, JRN, Inc. Plaintiffs assert that their employment was terminated in retaliation for refusal to participate in defendant's alleged unlawful practices under the ADEA.

Before this Court is Plaintiff Quint's motion to quash subpoenas and/or for a protective order and expedited hearing. (Docket Entry No. 12.) Defendant JRN's subpoenas seek employment records from Quint's current employer (Rogers Group), employment records from Quint's prior employer (Kroger), and medical records from Quint's medical provider (Family Health Group). Quint asserts, in sum that: (1) Defendant failed to give notice of the subpoenas as required by Fed. R. Civ. P. 45(a)(4), (2) Defendant's request for information is overbroad, not relevant, and not designed to uncover admissible evidence, and (3) Defendant's request is a "fishing expedition" to discover new information that might be used against Quint.

In response, Defendant contends, in essence, that: (1) Quint had authorized disclosure of the documents sought in the third party subpoenas, (2) Quint was not prejudiced from late notice of the

subpoenas, and (3) the documents requested are relevant.

Plaintiffs are former employees of Defendant who contend that they were improperly discharged in violation of the provision protecting against retaliation under the ADEA. On June 21, 2013, Defendant issued subpoenas dueces tecum on prior and subsequent employers, as well as on medical providers, of both named plaintiffs. Defendant failed to provide prior notice to plaintiffs of the subpoenas as required by Fed. R. Civ. P. 45(a)(4). Plaintiff Quint filed the pending motion to quash, or in the alternative, for a protective order. (Docket Entry No. 12). JRN filed a response in opposition to the motion. (Docket Entry No. 13).

As a general rule, a party lacks standing to move to quash a subpoena issued to a third party. See Hood v. Fiberweb, Inc., 2010 WL 4102219, at *1 (M.D. Tenn. Oct. 18, 2010). A limited exception exists where the party seeking to quash claims privilege in the information sought. Hood, 2010 WL 4102219, at *1; Auto–Owners Ins. Co. v. Southeast Floating Docks, Inc., 231 F.R.D. 426, 429 (M.D. Fla. 2005) (party has limited standing to move to quash subpoena to third party if, inter alia, the party has a "personal right" to the documents or information). Thus, Quint must show that he has a personal right to the information in his personnel and medical records to move to quash the subpoenas. In his motion, however, Quint does not assert any privilege in the requested documents, (Docket Entry No. 12) but federal law protects his medical information. Health Insurance Portability and Accountability Act (HIPAA), 42 U.S.C. § 1320d et seq. Accordingly, the Court concludes that Quint lacks standing to make the motion to quash as to his employer's employment records.

As to Quint's medical records, Quint signed and returned release forms to Defendant's counsel, authorizing the release of employment and medical records. (Docket Entry No. 13, attachment thereto, at Exhibit 3). Quint also had the opportunity to limit the medical records on the

release form, but failed to do so. Thus Quint waived his opposition to production of his medical records.

As to Quint's motion for a protective order to require Defendant to obtain the requested information by an alternate method, Fed. R. Civ. P. 26(c)(1) requires Quint to establish "good cause" to obtain a protective order. Quint contends that the documents sought are "all irrelevant to plaintiff's claims and damages in this case and to any defense raised by defendant" and is "a 'fishing expedition' designed to uncover any and all information about plaintiff it might be able to use against him." (Docket Entry No. 12, at 6).

For the reasons stated above, the Court concludes that Quint cannot show good cause for a protective order. The Court deems Quint's assertions to be conclusory and do not justify a protective order, given Quint's signed releases for these documents.

Finally, Fed. R. Civ. P. 45(a)(4) specifically provides that "notice and a copy of the subpoena must be served on each party" prior to a demand for documents. It is undisputed that defendant failed to comply with Rule 45's notice provision. Although this Court does not condone defendant counsel's failure to give proper notice of the subpoena, Plaintiff has not shown prejudice given Quint's waivers authorizing the release of the information at issue.

For these reasons, Plaintiff Quint's motion to quash and/or for a protective order (Docket Entry No. 12) is **DENIED**.

ENTERED this the ____ day of November, 2013.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court

release form, but failed to do so. Thus Quint waived his opposition to production of his medical records.

As to Quint's motion for a protective order to require Defendant to obtain the requested information by an alternate method, Fed. R. Civ. P. 26(c)(1) requires Quint to establish "good cause" to obtain a protective order. Quint contends that the documents sought are "all irrelevant to plaintiff's claims and damages in this case and to any defense raised by defendant" and is "a 'fishing expedition' designed to uncover any and all information about plaintiff it might be able to use against him." (Docket Entry No. 12, at 6).

For the reasons stated above, the Court concludes that Quint cannot show good cause for a protective order. The Court deems Quint's assertions to be conclusory and do not justify a protective order, given Quint's signed releases for these documents.

Finally, Fed. R. Civ. P. 45(a)(4) specifically provides that "notice and a copy of the subpoena must be served on each party" prior to a demand for documents. It is undisputed that defendant failed to comply with Rule 45's notice provision. Although this Court does not condone defendant counsel's failure to give proper notice of the subpoena, Plaintiff has not shown prejudice given Quint's waivers authorizing the release of the information at issue.

For these reasons, Plaintiff Quint's motion to quash and/or for a protective order (Docket Entry No. 12) is **DENIED**.

ENTERED this the ____ day of November, 2013.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court